# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CITY PARKWAY V, INC., a Nevada not-for-profit corporation; CIT PARKWAY IV A, INC., a Nevada not-for-profit corporation; OFFICE DISTRICT PARKING I, INC., a Nevada not-for-profit corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY, a foreign corporation<br><br>Defendants.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>Counter Claimant. | 2:09-CV-01299-PMP-GWF<br><br><br><br><br><u>**ORDER**</u> |

Before the Court for consideration are cross Motions for Summary Judgments filed on behalf of Defendant Union Pacific Railroad Company (Doc.'s #33 and #34), and Plaintiff City Parkway V, Inc.'s Countermotion for Summary Judgment (Doc. #47).

This litigation involves the respective duties and obligations of the parties to dispose of and/or remediate contaminated ground water which may be excavated in connection with the development of certain Property to be developed as Symphony Park on a 61 acre tract of land formerly utilized as a rail yard by Defendant Union Pacific Railroad Company ("UPRC").

By its Motion for Judgment on the Pleadings to Dismiss Plaintiff's claim for injunctive relief and claim for attorney fees in relating to injunctive relief (Doc. #33), Defendant UPRC argues that monetary damages will fully compensate Plaintiff City Parkway should they ultimately prevail.  As a result, Defendant Union Pacific Railroad Company seeks dismissal of Plaintiff's claim for injunctive relief and attendant claim for attorney fees.

By its Motion for Summary Judgment and Declaratory Relief (Doc. #34), Defendant UPRC seeks a summary declaration of the rights of the parties under the pertinent Purchase and Sale Agreement ("PSA") the Grant, Bargain and Sale Deed from UPRC to Nevada Stadium Partners Limited Partnership ("UPRC Deed") and the Memorandum of Rights between UPRC and Nevada Stadium Partners Limited Partnership, which Defendant UPRC contends are the operative documents by which it Sold the Property in 1996.  Specifically, Defendant UPRC seeks summary judgment and declaratory relief in its favor because the terms and condition in the PSA and the UPRC Deed and the Memorandum of Rights are unambiguous and run with the land.  Defendant UPRC contends that pursuant to those operative documents, UPRC's environmental responsibilities for the Property are specifically limited.  Defendant UPRC further contends that Plaintiff City Parkway, as subsequent owners of the Property are bound by the covenants in the operative documents including the "Buyers Release" and the "As Is" provisions.  Additionally, Defendant UPRC seeks a declaration of its entitlement for reimbursement of "Excess for Remediation Costs" as a covenant which runs with the land.

In its Counter Motion for Summary Judgment and Declaratory Relief (Doc. #47), Plaintiff City Parkway seeks declarations that it is not a party to the PSA, did not request or accept an assignment or transfer of interest under the PSA, and that the PSA is not a covenant that runs with the land thus making it enforceable

against Plaintiff City Parkway.  Plaintiff City Parkway further seeks a declaration that the "Buyers Release", the "As Is" provision, the "Environmental Obligations", and the 'Excess Remediation Cost" provisions, are not covenants that run with the land and thus cannot be enforced against Plaintiff City Parkway.  Plaintiff City Parkway seeks a further declaration that the Environmental Provisions in the Deed are covenants that run with the land, and thus can be enforced by Plaintiff City Parkway and against Defendant Union Pacific Railroad Company.  Finally, Plaintiff City Parkway seeks a declaration that if the Excess Remediation Costs provisions burden Plaintiff City Parkway's ownership of the Property, Defendant UPRC cannot charge Plaintiff City Parkway for any Excess Remediation Costs unless such costs are incurred by Defendant in connection with soils excavated for construction of the types of subsurface parking, set forth in section 2.3(a)(iii) of the PSA, or excavation for a stadium bowl of a sports stadium in the location set forth in the PSA.

On July 6, 2010, the Court conducted a hearing regarding the foregoing motions.  Based upon the following findings of fact and conclusions of law, the Court finds that Defendant Union Pacific Railroad Company's Motions (Doc.'s #33 and #34) must be granted and Plaintiff City Parkway's Counter Motion (Doc. #47) must be denied.

## FINDINGS OF FACT

(1) The PSA (Exhibit A), the UPRC Deed (Exhibit B), and the Memorandum of Rights (Exhibit C) are the operative documents by which UPRC sold the Property in 1996.

(2) UPRC sold the Property to PLY Stadium Partners pursuant to the PSA (Exhibit A) dated October 21, 1996.

(3) PLY Stadium Partners assigned its interest and obligations in the PSA (Exhibit A) to Nevada Stadium Partners by the Assignment

(Exhibit D) dated November 15, 1996.

(4) The UPRC Deed (Exhibit B), which was dated November 12, 1996, and recorded on November 18, 1996, transferred title to the Property from UPRC to Nevada Stadium Partners, and specifically incorporated the terms and conditions of the PSA.

(5) The Memorandum of Rights (Exhibit C) was recorded in the Official Records of the Recorder of Clark County on November 18, 1996 and re-recorded on December 2, 1996. The Memorandum of Rights documents the agreements between UPRC, PLY Stadium Partners, and Nevada Stadium Partners, and also specifically incorporates the terms and conditions of the PSA.

(6) The PSA (Exhibit A), UPRC Deed (Exhibit B), Memorandum of Rights (Exhibit C), and Assignment (Exhibit D) establish the terms and conditions which apply to UPRC, PLY Stadium Partners, Nevada Stadium Partners, and all successive owners of the Property, including City Parkway V, Inc., City Parkway IV A, Inc., and Office District Parking I, Inc. (collectively referred to herein as the "City Parkway Parties").

(7) The terms and conditions of the UPRC sale of the Property evidenced by Exhibits A, B, C, and D are clear and unambiguous and may be construed, based on the clear meaning of the terms, by the Court as a matter of law.

(8) UPRC's environmental responsibilities for the Property are limited to the terms of the NDEP order of remediation, including those referenced in PSA.

(9) UPRC's "Environmental Obligations" set out in Article III, Section 3.2 of the PSA are covenants which run with the land and benefit all successive owners of the Property, including the City Parkway Parties.

(10) The right of UPRC to receive "Excess Remediation Costs" as described in Article II, Section 2.3(a)(iii) of the PSA is a covenant which runs with the land and obligates all successive owners of the Property, including the City Parkway Parties.

(11) The "Buyer's Release" as described in Article III, Section 3.3 of the PSA is a covenant which runs with the land and binds all successive owners of the Property, including the City Parkway Parties.

(12) Pursuant to the "Buyer's Release," UPRC has been released from any environmental obligation not contained in the PSA, and/or beyond the scope of the NDEP order of remediation referenced in

4

        the PSA, and that release is binding on all successive owners of the Property, including the City Parkway Parties.

(13)    The "As Is" provision set forth in Article III, Section 3.1 of the PSA is a covenant which runs with the land and binds all successive owners of the Property, including the City Parkway Parties.

(14)    The City Parkway Parties knew of the relevant covenants before Plaintiff City Parkway V, Inc. ("City Parkway V") acquired the Property.

(15)    The City Parkway Parties have acknowledged that the relevant covenants run with the Property.

(16)    The City Parkway Parties, City Parkway V, Inc., City Parkway IV A, Inc., and Office District Parking I, Inc. are all successor owners of the Property (Lot 5).

## CONCLUSIONS OF LAW

(1)    The terms and conditions of the UPRC sale of the Property evidenced by Exhibits A, B, C, and D are clear and unambiguous and may be construed, based on the clear meaning of the terms, by the Court as a matter of law.

(2)    The PSA, UPRC Deed, and Memorandum of Rights create covenants which run with the land (Lot 5) and are binding on the City Parkway Parties.

(3)    The relevant covenants which run with the land are:

    (a) The "As Is" sale described in Article III, Section 3.1 of the PSA;
    (b) The "Buyer's Release" described in Article III, Section 3.3 of the PSA;
    (c) The "Environmental Obligations" set out in Article III, Section 3.2 of the PSA; and
    (d) The right of UPRC to receive "Excess Remediation Costs" as provided for by Article II, Section 2.3(a)(iii) of the PSA.

(4)    UPRC's environmental responsibilities for the Property are limited to the terms of the NDEP order of remediation, including those referenced in the PSA.

(5)    Even though City Parkway V was not a party to the PSA, the City Parkway Parties are bound by the PSA, UPRC Deed, and

Memorandum of Rights since: (1) the covenants in those transaction documents are clear and unambiguous and run with the land; and (2) the City Parkway Parties knew of the relevant covenants regarding environmental obligations before City Parkway V acquired the Property.

(6) Even though the City Parkway Parties did not request or accept an assignment or transfer of interest under the PSA, the City Parkway Parties are bound by the relevant covenants, including the covenant requiring the current owner of the Property to reimburse UPRC for Excess Remediation Costs, since, pursuant to Nevada's recording statute, NRS 111.320, the City Parkway Parties were on notice of the recorded UPRC Deed and recorded and re-recorded Memorandum of Rights.

(7) In determining the intent of the original parties to the sale of the Property with respect to UPRC's entitlement to Excess Remediation Costs, all of the transaction documents by which the Property was sold (i.e., Exhibits A, B, C, and D) must be viewed in their entirety.

(8) An examination of the transaction documents in their entirety, as opposed to focusing on one word or phrase, establishes that UPRC is entitled to Excess Remediation Costs for a broad range of potential development projects based on the areas of development, not the specific type of development.

(9) UPRC is entitled to Excess Remediation Costs under Article II, Section 2.3(a)(iii) of the PSA even if the development project is not a sports stadium where sports will be played.

**IT IS THEREFORE ORDERED that** Defendant Union Pacific Railroad Company's Motion for Summary Judgment (Doc. #33) is **GRANTED**.

**IT IS FURTHER ORDERED that** Defendant Union Pacific Railroad Company's Motion for Summary Judgment (Doc. #34) is **GRANTED**.

**IT IS FURTHER ORDERED that** Plaintiff City Parkway's Countermotion for Summary Judgment (Doc. #47) is **DENIED**.

DATED: August 7, 2010.

_____
PHILIP M. PRO
United States District Judge