UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CITY PARKWAY V, INC., et al., | |
| Plaintiffs/Counterdefendants, | 2:09-CV-01299-PMP-GWF |
| v. | |
| UNION PACIFIC RAILROAD COMPANY, | ORDER |
| Defendant/Counterclaimant. | |

Presently before the Court is Defendant Union Pacific Railroad Company's ("UPRC") Motion for Reconsideration (Doc. #110), filed on February 25, 2013. Plaintiffs filed a Response (Doc. #111) on March 14, 2013. UPRC filed a Reply (Doc. #112) on March 25, 2013.

The parties are familiar with the facts of this case, and the Court will not repeat them here except where necessary. UPRC requests the Court reconsider three issues related to the Court's December 4, 2012 Order (Doc. #104) on the parties' various summary judgment motions. First, UPRC argues the Court should clarify that its statements on pages 4 and 5 of its December 4, 2012 Order are background statements and not rulings on the evidence regarding testing method 8015. Second, UPRC asks the Court to reconsider its ruling with respect to whether Excess Remediation Costs apply to a type of project in its entirety as opposed to portions of projects. Finally, UPRC requests the Court to reconsider whether the costs Plaintiffs incurred in stockpiling, maintaining, testing, reporting, and engaging in environmental oversight were excavation costs. Plaintiffs respond that UPRC has failed to establish reconsideration is appropriate for any of these issues.

### A. Statement of Facts Regarding Method 8015

UPRC argues the Court should clarify that statements in the background section of the Court's December 4, 2012 Order regarding method 8015 were not rulings or findings and are not law of the case. UPRC argues that because the issue of the use of method 8015 was raised only in opposition to UPRC's summary judgment motion, and Plaintiffs sought no affirmative relief in return, the Court was not required to make a ruling or finding related to method 8015. Plaintiffs respond that evidence relating to method 8015 was required to be presented in relation to UPRC's summary judgment motion because UPRC was arguing it fully remediated TPH-impacted soil before UPRC sold the Property and the evidence relating to method 8015 raises issues of fact on this question. Plaintiffs further assert the Court did not clearly err by reciting this evidence in the Court's December 4, 2012 Order, and UPRC presented no evidence raising an issue of fact regarding the evidence.

The Court's December 4, 2012 Order set forth at pages 4-5 evidence presented to the Court in the parties' summary judgment briefing related to UPRC's use of method 8015 to test TPH-impacted soil at the Property. The Court recited such evidence because Plaintiffs presented the evidence in opposition to UPRC's summary judgment motion and, viewing that evidence in the light most favorable to Plaintiffs, that evidence raised genuine issues of fact precluding summary judgment in UPRC's favor. However, Plaintiffs did not countermove for summary judgment on any issue related to method 8015 and the Court made no rulings related to method 8015 other than that Plaintiffs' evidence was sufficient to defeat UPRC's summary judgment motion. The Court therefore will grant UPRC's Motion for Reconsideration to the limited extent it requests clarification that the Court's December 4, 2012 Order did not make any ruling on any issue relating to method 8015 other than that Plaintiffs' evidence was sufficient to preclude summary judgment in UPRC's favor.

///

///

### B. Excess Remediation Costs

UPRC argues the Court's December 4, 2012 Order improperly limited Excess Remediation Costs to a portion of certain types of projects and that this ruling is inconsistent with the Court's prior Orders. According to UPRC, if a development project falls within the Excess Remediation Costs, UPRC is entitled to recover Excess Remediation Costs for the entire project, not portions thereof. Plaintiffs respond that the Court properly interpreted the parties' agreement that Excess Remediation Costs apply only to specific portions of development projects, and not necessarily projects as a whole.

The Court's December 4, 2012 Order properly interpreted the parties' contractual relationship for the reasons set forth in that Order. The December 4, 2012 Order was consistent with the Court's prior Orders interpreting the parties' contractual arrangements. The prior Orders left open the actual application of the Excess Remediation Costs provision to specific projects at the Property, and that is what the parties were asking the Court to do in their respective summary judgment motions.

UPRC's argument that the Excess Remediation Costs provision applies only to entire projects is inconsistent with the language of the Excess Remediation Costs provision. The parties limited the Excess Remediation Costs to specific portions of projects. For example, section 2.3(a)(iii)(1) of the PSA provides for Excess Remediation Costs for subsurface parking for the general public for a sports stadium or other entertainment complex. If UPRC's interpretation were correct, section 2.3(a)(iii)(1) would be superfluous contract language because a parking garage for a sports stadium or entertainment complex would be part of the overall stadium or entertainment complex project. Likewise, section 2.3(a)(iii)(2) identifies a smaller portion of an overall stadium project for which UPRC is entitled to Excess Remediation Costs. Had the contracting parties intended UPRC to receive Excess Remediation Costs for all remediation done in relation to an entire stadium or entertainment complex project, they could and would have said so and there would have

1  been no need to identify the separate categories of Excess Remediation Costs in section
2  2.3(a)(iii)(1)-(3).  Similarly, had the parties intended for UPRC to have no responsibility for
3  remediation below 7 1/2 feet in general, they could have said so without the limiting
4  language in section 2.3(a)(iii)(1)-(3).

5  UPRC contends the Court's construction of the contract does not comport with
6  common sense because it would be odd to entitle UPRC to Excess Remediation Costs for a
7  stage or orchestra pit, but not the hallways leading to these areas or the dressing rooms or
8  bathrooms.  UPRC also asserts the Court's construction will be difficult to apply because
9  the excavation and remediation are done in such a way that soils removed from these
10 specific areas are not segregated from other soils.  However, it is not for the Court to
11 question the wisdom or practicality of the parties' contractual relationship.  The Court must
12 enforce the contract's unambiguous terms as written.  Davis v. Beling, 278 P.3d 501, 515
13 (Nev. 2012); Old Aztec Mine, Inc. v. Brown, 623 P.2d 981, 983 (Nev. 1981).  The Court
14 will deny UPRC's Motion for Reconsideration with respect to the interpretation of the
15 parties' agreement.

### C.  Excavation Costs

17 UPRC argues the Court erred by finding issues of fact remained as to whether
18 UPRC must reimburse Plaintiffs for costs incurred in stockpiling, maintaining, testing,
19 reporting, and engaging in environmental oversight.  Plaintiffs respond that the Court did
20 not clearly err in ruling that Plaintiffs presented evidence raising an issue of fact that
21 Plaintiffs incurred costs related to UPRC's breach of its environmental obligations for
22 which UPRC must reimburse Plaintiffs.  Plaintiffs contend these costs are not ordinary
23 development costs.

24 The Court will deny UPRC's Motion for Reconsideration on this basis.  UPRC's
25 arguments are a rehash of arguments this Court already rejected.
26 ///

### D. Conclusion

IT IS THEREFORE ORDERED that Defendant Union Pacific Railroad Company's Motion for Reconsideration (Doc. #110) is hereby GRANTED in part and DENIED in part. The Motion is granted to the limited extent it requests clarification that the Court's December 4, 2012 Order (Doc. #104) did not make any ruling on any issue relating to method 8015 other than that Plaintiffs' evidence was sufficient to preclude summary judgment in Defendant Union Pacific Railroad Company's favor. The Motion is denied in all other respects.

DATED:  April 20, 2013

_____
PHILIP M. PRO
United States District Judge